WESTINGHOUSE ELECTRIC & MANUFACTURING CO. v. GENERAL
ELECTRIC CO.

(Circuit Court, N. D. New York.   May 22, 1899.)

CONTRACTS—CONSTRUCTION—SALE OF PATENTED ARTICLES

A provision of a contract that it shall not be deemed to authorize either party to make sales of articles covered by patents owned by the other, cannot be construed as a covenant against the making of such sales, so as to afford a basis for a suit by one party to enjoin the other from making them, but it leaves the parties, as to such sales, as they stood before the contract was made.

In Equity.   On demurrer to bill.

William D. Guthrie, M. B. Philipp, and Paul D. Cravath, for complainant.

W. B. Hornblower and Frederick P. Fish, for defendant.

COXE, District Judge.   This is a suit in equity in which the court acquires jurisdiction by reason of diverse citizenship.   The bill seeks to enjoin the defendant from selling certain electrical devices to its licensee in New York City in alleged violation of an agreement entered into between the parties to this action, March 31, 1896.   The bill rests solely upon this agreement.   Whatever right the complainant possesses must be found there.   Unless the agreement forbids the contemplated sale the action must fall.   If the defendant has covenanted not to make the sale the action is well brought; if it has not so covenanted the action is without foundation.   This proposition is conceded on all sides.   The agreement, so far as it is necessary to consider the same, may be epitomized as follows: (1) Each party grants to the other a license under all United States patents owned or controlled by it subject to outstanding licenses.   (2) Territorial licenses and obligations existing thereunder are not affected by the sweeping cross-licenses.   (3) Neither party is permitted to grant licenses to its territorial licensees under the patents of the other party.   (4) The contract neither authorizes nor forbids the defendant to sell to its licensee in New York City apparatus covered by the patents of the complainant.   The complainant is, of course, treated in the same manner.   (5) These sales are recognized, but the party making them has no power to grant licenses to use or sell such apparatus under the patents of the other party.   The cross-licenses granted by the agreement are thus qualified so as to preclude territorial licensees from receiving licenses or rights under the patents of the other party.   In short, the contract provides for a broad interchange of licenses, carefully guarding, however, the vested rights of existing licensees.   As to them, the situation was delicate and complicated and it was evidently deemed best to leave it precisely as it existed before the contract was signed.   They gained no new rights and lost no existing rights by reason of the agreement between their principals.   That the defendant could have sold the multiphase apparatus to its New York licensee prior to March 31, 1896, is beyond dispute.   It can do so now unless it has agreed that it will not make such sales.   The agreement will be searched in vain for such a

covenant. In making the sale prior to March 31, 1896, the defendant took the risk of an infringement suit; it takes the same risk now. The court understands that the complainant does not pretend that the contract contains an express covenant not to sell, but it is argued that this agreement may be implied. In order to reach such a construction it is necessary to torture the provision that sales by defendant to the New York company of multiphase apparatus shall not be deemed to be authorized by the agreement, and the provision that such apparatus shall not be licensed under the Tesla patents, into a positive covenant that defendant will not make such sales. No rule of interpretation familiar to the court will permit this to be done. There is a vast difference between a provision which declines to sanction an act and one which forbids it. The one is passive and inert; the other active and enforceable. The demurrer is allowed.